# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| In re Cathalean Jones, | ) | |
| | ) | |
| Debtor. | ) | Case No. 14-47077-399 |
| | ) | Chapter 7 |
| | ) | |

## MOTION TO RECONVERT TO CHAPTER 13

COMES NOW, Cathalean Jones ("Debtor") through her counsel, Michael J. Watton and the Watton Law Group, hereby requests that this Court allow her to reconvert this case to one under Chapter 13 of the Bankruptcy Code. Debtor, because of misguided direction of undersigned counsel, converted to Chapter 7 and will not receive her discharge. The Case has not been previously dismissed.

1. On September 5, 2014 the Debtor filed her case under Chapter 13 of the United States Bankruptcy Code.

2. On or about October 29, 2019, upon the Debtor's motion, her case was ordered converted from Chapter 13 to Chapter 7. The case would have been a no asset case.

3. However, Debtor was not eligible for a dischargeable Chapter 7 because her current Chapter 13 was filed on September 5, 2014, within eight years of a previously discharged Chapter 7 case that was filed on December 23, 2009.

4. Debtor's attorney, in part due to his software's storage of the information, mistakenly noted the ten year gap between the filing date in 2009 compared to 2019, rather than recognizing the Chapter 13 being converted was filed on September 5, 2014, within eight years of the December 23, 2009 Chapter 7 filing.

5. Pursuant to 11 USC § 706 a Debtor generally has an unfettered right to conversion to Chapter 13 if the Debtor consents to conversion, is eligible for relief under that chapter, and the case has not been previously converted. While there is no clear provision on the issues of reconversion between Chapter 7 and Chapter 13, it seems a finding of bad faith would be the only issue precluding the Court from allowing the Debtor to make the request she makes here. See, generally *In re: Santiago-Monteverde*, 512 B.R. 432, Bankr. L. Rep. P. 82, 660 (S.D.N.Y. 2014).

6. The Supreme Court states in *Marrama v. Citizens Bank of Massachusetts*, "a Debtor's conduct must be atypical to qualify as "bad faith" conduct sufficient to…deny conversion of a case to Chapter 13 from Chapter 7." 549 U.S. 365, 367 (2007).

7. Debtor in *Marrama* forfeited his right to proceed under Chapter 13 due to bad faith, including such acts as failing to describe transfer of property to a revocable trust, attempting to apply a homestead exemption to rental property, and not disclosing an anticipated tax refund. *Id.* at 370-371.

8. Here, Debtor's case, upon counsel's mistaken advisement, was improperly converted to Chapter 7 within eight years of a previously filed discharged Chapter 7. Conversion to Chapter 7 resulted due to counsel's honest mistake, and not through any bad faith act on the part of the Debtor. Similarly, Debtor's motion to reconvert to Chapter 13 is a good faith effort to rectify said unintentional mistake, not a bad faith effort to hide assets from the bankruptcy estate like the Debtor in *Marrama*.

9. If motion to reconvert to Chapter 13 is granted, Debtor believes she can propose a confirmable Chapter Plan which will allow her to get a discharge. First a 1322 stipulation has been negotiated with the Missouri Department of Revenue (and filed concurrently with

this motion) regarding priority tax claims due, Debtor will immediately pay the tax owed to the IRS, and the Debtor's attorney is not accepting any additional funds for reconversion and is waiving the remaining $2,000 owed them in the Chapter 13 case. The proposed amended plan is attached as **Exhibit A** herein.

10. Thus, the Debtor's obligations to her bankruptcy case will be met upon reconversion to Chapter 13.

Wherefore, Debtor prays that her case be reconverted to one under Chapter 13 pursuant to 11 U.S.C. §1307 and for any other such relief the court deems necessary under the circumstances. Respectfully submitted this 14th day of January, 2020.

/s/ William R. Avery, for
Michael J. Watton, Esq.
William R. Avery, Esq.
Watton Law Group
301 West Wisconsin Avenue, 5th Floor
Milwaukee, WI 53203
Tel: 314-735-4966
Fax: 314-769-9061
wlgstl@wattongroup.com
MO State Bar# 64316

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was filed electronically on January 14, 2020 with the United States Bankruptcy Court, and has been served on the parties in interest via e-mail by the Court's CM/ECF System as listed on the Court's Electronic Mail Notice List.

/s/ Lacy Carson
Lacy Carson, Paralegal for
Michael J. Watton, Esq. MO Bar #64316
William R. Avery, Esq. MO Bar# 68985
Watton Law Group
800 Market Street, Suite 2150
St. Louis, MO 63101
Tel: 314-735-4966
Fax: 314-769-9061
wlgstl@wattongroup.com